# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **RODNEY JAMES-BEY, SR., # 203530,** | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 10-0522-KD-N |
| **CYNTHIA DILLARD, et al.,** | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate, proceeding pro se, filed an action under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2 (c)(4). Upon consideration of the pleadings it is the recommendation of the undersigned that this action be transferred to the United States District Court for the Middle District of Alabama.

Plaintiff is incarcerated at Fountain Correctional Facility which is located in the Southern District of Alabama. The address given for each defendant is Montgomery, Alabama, which is located in the Middle District of Alabama. Moreover, the defendants are employed either by the Alabama Board of Pardons and Paroles, the Alabama Attorney General's Office, or the Victim Rights Advocacy Organization. The plaintiff complains about the recent decision denying him parole. In regard to events transpiring in this District, however, the complaint reveals no connection to the Southern District of Alabama other than plaintiff's incarceration at Fountain.

A § 1983 action may be brought in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b); see New Alliance Party of Ala. v. Hand, 933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action). However, when venue is not proper in the district of filing, a district court may transfer the action, in the interest of justice, to any other district or division where the action might have been brought. 28 U.S.C. § 1406(a).

In the present action, the address given for each defendant is Montgomery, Alabama, and the events giving rise to plaintiff's action occurred in the Middle District of Alabama. Thus, plaintiff's action appears to have no connection to this district. Venue is, therefore, lacking, and appears to be proper in the Middle District of Alabama. Considering plaintiff's pro se status, it is recommended, in the interest of justice, that plaintiff's action be transferred to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1406(a).

The attached sheet contains important information regarding objections to the report and recommendation.

**DONE and ORDERED** this _4th__ day of January, 2011.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL
RIGHTS AND RESPONSIBILITIES FOLLOWING
RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days[1] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[1] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED.R.CIV.P. 72(b)(2).